IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHN ALVIN PAYNE, #85849-012                                              PETITIONER

VERSUS                                           CIVIL ACTION NO. 5:10-cv-117-DCB-MTP

BRUCE PEARSON                                                              RESPONDENT

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner John Alvin Payne, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on July 6, 2010. Upon review of the record, the court finds as follows:

Background

Petitioner states that on December 2, 1988, he was convicted of continuing criminal enterprise, conspiracy to distribute and possession with intent to distribute cocaine, distribution of cocaine and structuring financial transactions in the United States District Court for the Eastern District of Missouri. Pet. [1] at 1. Petitioner was subsequently sentenced to fifty years in the custody of the Bureau of Prisons. Id. Petitioner states that he filed a direct appeal in the United States Court of Appeals for the Eighth Circuit which was denied on May 7, 1990. Id. at 2. On April 7, 1993, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Missouri, in which, petitioner states, the conspiracy count was vacated and all other grounds were denied on March 24, 1995.[1] Id. at 3.

---

[1] The information regarding the date petitioner's motion was filed and the date the order denying motion was entered was ascertained from the United States Courts PACER service.

In the petition before this court, petitioner argues "[i]neffective [a]ssistance of [c]ounsel for failure to argue in motions for judgement or acquittal and on direct appeal that fronting drugs do not constitute managerial relationship." Pet. [1] at 6. As relief, petitioner requests that this court vacate his continuing criminal enterprise conviction and "order his immediate release." Mem. in Supp. [2] at 16.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990)).

In the instant case, petitioner's argument is two-fold. First, petitioner argues that he received ineffective assistance of counsel when filing his first § 2255 motion. Petitioner alleges that his counsel did not raise the argument that fronting drugs does not constitute a managerial relationship for purposes of a continuing criminal enterprise conviction. Next, petitioner argues that since he was sentenced prior to the enactment of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), the procedural requirements of § 2244 regarding second or

2

successive habeas petitions should not apply.[2] As such, petitioner asserts, he should be allowed to pursue a second or successive § 2255 motion in order to present the above referenced argument. The remainder of the petition entails the specifics of why petitioner is innocent of the continuing criminal enterprise conviction which he planned to argue in a second § 2255 motion. Clearly, these claims relate to alleged errors that occurred in the sentencing court and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.

However, "§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[3] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Court held the savings

---

[2] After the enactment of AEDPA, petitioners must first seek permission from the appropriate court of appeals in order to proceed with a second or successive § 2255 motion. See 28 U.S.C. § 2244(b)(3)(A).

[3] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is <u>inadequate or ineffective to test the legality of his detention</u>.

3

clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. For the following reasons, petitioner fails to the to meet the requirements of the savings clause of § 2255.

Petitioner asserts that a § 2255 motion is an inadequate and ineffective remedy because "he had a right to prosecute a second § 2255 motion under pre-AEDPA law." [4] Mem. in Supp. [2] at 5. Additionally, petitioner states that he was denied permission to file a second § 2255 motion by the United States Court of Appeals for the Eighth Circuit. Id. The court finds petitioner's argument unpersuasive.

To meet the first prong of the Reyes-Requena test, petitioner must be relying on a decision by the Supreme Court which was retroactively applied, establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide <u>any</u> support to satisfy this requirement and in fact states that his claim is not based on a retroactively applicable Supreme Court decision.[5] Mem. in Supp. [2] at 5. Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena.

Because both prongs of the Reyes-Requena test must be met for the savings clause to

---

[4] A review of the United States Courts PACER service reveals that petitioner has previously filed a second motion pursuant to 28 U.S.C. § 2255, presenting this same argument, which was denied by the United States District Court for the Eastern District of Missouri in Payne v. United States, No. 4:09cv507-DJS (E.D. Mo. Apr. 3, 2009).

[5] Petitioner cites numerous cases in his pleadings, however, he does not rely on any of the cited cases in order to establish that he was convicted of a nonexistent crime in order to meet the savings clause requirements.

4

apply, this court need not address the second prong of the test. Moreover, petitioner's allegation that he should be allowed to present his argument in a second § 2255 motion because he was convicted prior to the enactment of AEDPA's procedural requirements is misplaced. The United States Court of Appeals for the Fifth Circuit has held that a "prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement does not make § 2255 inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000). Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed, without prejudice, as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of jurisdiction, with prejudice. See Pack, 218 F.3d at 454-55.

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the   12th    day of August, 2010.


    s/ David Bramlette
    UNITED STATES DISTRICT JUDGE